IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

KHALIL A. SALEM ("Freddie Owens"),    ) Civil Action No.: 4:06-cv-3047-TLW-TER
    )
        Plaintiff,    )
    )
    v.    )
    ) REPORT AND RECOMMENDATION
SOUTH CAROLINA DEPARTMENT OF    )
CORRECTIONS, LT. BIRD, SGT. WILLIAMS,    )
CAPTAIN PRICE, OFC. OUTLAW, W/M    )
SGT. OF TRANSPORTATION, OFC.    )
GREATHOUSE, OFC. PHILLIPS, W/M LT. ET al, )
    )
        Defendants.    )
_____)

## I.  PROCEDURAL BACKGROUND

The plaintiff, Khalil Salam ("Freddie Owens")("plaintiff/Salam"), along with four other

inmates filed this action in the Court of Common Pleas for Richland County. Defendants filed a

Notice of Removal to this court on October 26, 2006, based upon federal question jurisdiction.[1]  On

October 26, 2006, defendants filed a motion to sever which was granted on November 29, 2006, and

the Clerk of Court was directed to assign separate civil action numbers to the four other inmates. At

all times relevant to the allegations in the plaintiff's complaint, he was an inmate at the Perry

Correctional Institution.

On February 20, 2007,  the defendants filed a motion for summary judgment pursuant to Rule

---

[1]All pretrial proceedings in this case were referred to the undersigned pursuant to the
provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because
this is a dispositive motion, the report and recommendation is entered for review by the district
judge.

56 of the Federal Rules of Civil Procedure  along with a memorandum  in support of that motion (document #22).  Because the plaintiff is proceeding pro se, he was advised on or about February 27, 2007, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th. Cir. 1975), that a failure to respond to the defendants' motion for summary judgment with additional evidence or counter affidavits could result in dismissal of his complaint.  The plaintiff has failed to file a response.

## A. RULE 41(B) DISMISSAL

A complaint may be dismissed pursuant to Rule 41 (b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied 493 U.S. 1084 (1990) and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1)   the degree of plaintiff's responsibility in failing to respond;

(2)   the amount of prejudice to the defendant;

(3)   the history of the plaintiff in proceeding in a dilatory manner; and,

(4)   the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the plaintiff is proceeding pro se so he is entirely responsible for his actions. It is solely through plaintiff's neglect, and not that of an attorney, that no responses have been filed. Plaintiff has not responded to defendants' motion for summary judgment, or the court's order requiring him to respond. The *Roseboro* order was returned to the Clerk of Court's office via United States Postal Service marked "released." Plaintiff has not provided the court with an updated

2

address as required by the order of November 29, 2006. The undersigned concludes the plaintiff has abandoned his lawsuit. No other reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b).

## II.  DISCUSSION

The undersigned recommends dismissal of the complaint pursuant to Fed. R. Civ. 41(b) as set forth above. In addition to this recommendation, the undersigned will also briefly discuss defendants' motion for summary judgment and the merits of the plaintiff's claims.

## A.  ARGUMENT OF PARTIES/ FACTUAL ALLEGATIONS

The plaintiff alleges that on September 13, 2006, one of the individual defendants, who are or were state employees working for SCDC during the times relevant to this case, sprayed approximately four hundred grams of mace into a neighboring cell. As a result of the mace over-spray, plaintiff alleges he suffered injuries and was denied medical attention. Further, plaintiff alleged that he attempted to file a grievance but the grievance was not processed properly.

Defendants filed a motion for summary judgment arguing that the complaint should be dismissed for the following reasons:

1.      Failure to properly exhaust his administrative remedies;

2.      Qualified immunity as to claims of cruel and unusual punishment, deliberate indifference, and denial of access to the grievance system;

3.      Based on the undisputed facts, defendants did not engage in any conduct which violated plaintiff's federal rights for cruel and unusual punishment, deliberate indifference and denial of access to the grievance system; and,

3

4.    Defendants are entitled to summary judgment on plaintiff's state law claims for gross negligence, grossly negligent supervision, retention, hiring, conspiracy, retaliation, due process, and assault and battery.

(Defendants' memorandum).

## B.  STANDARD FOR SUMMARY JUDGMENT

A federal court must liberally construe pleadings filed by pro se litigants, to allow them to fully develop potentially meritorious cases.  See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972).  In considering a motion for summary judgment, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim,  Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists.  If none can be shown, the motion should be granted.  Fed. R. Civ. P. 56(c). The movant has the burden of proving that a judgment on the pleadings is appropriate.  Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial."  The opposing party may not rest on the mere assertions contained in the pleadings.  Fed. R. Civ. P. 56(e) and Celotex v. Catrett, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial.  See Fed. R. Civ. P. 56(c).  Where the

4

movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact."  In the Celotex case, the court held that defendants were "entitled to judgment as a matter of law" under Rule 56(c) because the plaintiff failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof.  Celotex, 477 U.S. at 322-323.

## C.  EXHAUSTION

Defendants assert plaintiff's complaint should be dismissed for failure to exhaust his administrative remedies. Defendants assert that plaintiff alleges in his complaint that the incident took place on September 13, 2006, and plaintiff along with four other plaintiffs filed this action in the court of common pleas for Richland County on September 18, 2006. Thus, plaintiff could not have exhausted his administrative remedies. Further, defendants argue that even assuming plaintiff did file a grievance as he asserted in his complaint, he could not have exhausted his remedies relating to the grievance, not to mention that there was no time for a response to the grievance before plaintiff filed this action. Additionally, defendants argue that plaintiff has failed to allege he pursued any other administrative remedy beyond the mere filing of a Step 1 grievance within Perry Correctional Institution and that this failure to take any additional administrative grievance steps means that plaintiff failed to properly exhaust his administrative remedies. Defendants submitted the grievance record via the SCDC's grievance coordinator which reveals no grievance related to this incident is reflected in plaintiff's file. Further, defendants submitted the affidavits of Sergeant William, Lt. Byrd, Sergeant Waters, and Lt. Outlaw who state they have never thrown away or discarded an inmate's grievance and that they did not do so in this case as plaintiff alleged.

5

In the recent United States Supreme Court case, <u>Woodford v. NGO</u>, <u>supra</u>, the Court held that the PLRA exhaustion requirement requires proper exhaustion. Within the decision, the Court stated that "Administrative law requires proper exhaustion of administrative remedies which 'means using all steps that the agency holds out, and doing so properly.' *Pozo v. McCaughtry*, 286 F.3d 1022, 1024." <u>Id</u>. Based on the evidenced provided, plaintiff has not exhausted all administrative remedies. Plaintiff asserted that he filed a grievance but that it was thrown away. However, plaintiff has not presented any evidence that he actually filed a grievance, has not responded to the motion for summary judgment, and filed this action within a few days of the alleged incident which means there was no time for a response to a grievance had he filed one. Therefore, it is recommended that this action be dismissed for failure to exhaust administrative remedies.

In the event the district judge concludes that this action should not be dismissed for failure to exhaust administrative remedies, it is recommended that this action be dismissed pursuant to qualified immunity.

## D. QUALIFIED IMMUNITY

The defendants argue that they are entitled to a grant of qualified immunity under the facts as presented in the plaintiff's complaint.

Although the burden of showing immunity remains on the defendants, an early determination is desirable, since immunity provides complete protection from a lawsuit, including from extensive discovery or other preparation. When a defendant asserts that he or she is completely immune from suit, the court must consider whether the defense meets the standard set forth by various courts which have considered the issue. When a person is sued in his individual capacity, the court may

6

consider whether that person is entitled to immunity from suit.  Immunity is a defense to be asserted

by the defendant and the burden of proving entitlement to immunity rests with the defendant

asserting it.  The defendants argue that they are entitled to qualified immunity in their individual

capacity.

The Supreme Court in Harlow v. Fitzgerald, 457 U.S. 800 (1982), established the standard

which the court is to follow in determining whether the defendant is protected by this immunity.

That decision held that government officials performing discretionary functions generally are

shielded from liability for civil damages insofar as their conduct does not violate clearly established

statutory or constitutional rights of which a reasonable person would have known.  Harlow, 457 U.S.

at 818.

In a discussion of qualified immunity, the Court of Appeals for the Fourth Circuit  stated:

> Qualified immunity shields a governmental official
> from liability for civil monetary damages if the
> officer's conduct does not violate clearly established
> statutory or constitutional rights of which a reasonable
> person would have known. In determining whether the
> specific right allegedly violated was 'clearly
> established,' the proper focus is not upon the right at
> its most general of abstract level, but at the level of its
> application to the specific conduct being challenged.
> Moreover, the manner in which this [clearly
> established] right applies to the actions of the official
> must also be apparent.   As such, if there is a
> "legitimate question" as to whether an official's
> conduct constitutes a constitutional violation, the
> official is entitled to qualified immunity.

Wiley v. Doory, 14 F. 3d 993 (4th Cir. 1994) (internal citations omitted), cert. denied, 516 U.S. 824

(1985).

In Torchinsky v. Siwinski, 942 F. 2d 257 (4th Cir.1991), the Fourth Circuit Court of Appeals

explained the rationale for Harlow qualified immunity:

> The grant of qualified immunity to government officials ensures that these officials can perform their duties free from the specter of endless and debilitating lawsuits. Without such immunity, the operations of government would be immobilized. Permitting damages suits against government officials can entail substantial social costs, including the risk that fear of personal monetary liability and harassing litigation will unduly inhibit officials in the discharge of their duties.

Torchinsky, 942 F.2d at 260-261. (Citations Omitted).

The Torchinsky court further noted that "a particularly appropriate procedure for determining an official's entitlement to qualified immunity is summary judgment." The Torchinsky court held that an official's entitlement to qualified immunity is based upon an "objective reasonableness" standard. "The very idea of reasonableness requires that courts accord interpretive latitude to officials judgments." Torchinsky, 942 F. 2d at 261, citing Sevigny v. Dicksey, 846 F. 2d 953 (4th Cir.1988). Therefore, a plaintiff may prove that his rights have been violated, but the official is still entitled to qualified immunity if a reasonable person in the "official's position could have failed to appreciate that his conduct would violate" those rights. Torchinsky, 942 F. 2d at 261, citing Collinson v. Gott, 895 F. 2d 994 (4th Cir. 1990). As the Fourth Circuit explained in the case of Swanson v. Powers, 937 F. 2d 965 (4th Cir.1991), "[o]nly violations of those federal rights clearly recognized in existing case law will support an award in damages under 42 U.S.C. § 1983." 937 F. 2d at 967. Therefore, if a particular action by a state agency is deemed unconstitutional, the defendant is entitled to qualified immunity, unless there is clearly established case law demonstrating that the alleged conduct is violative of the Constitution.

In <u>Maciariello v. Sumner</u>, 973 F. 2d 295 (4th Cir. 1992), the Fourth Circuit Court of

Appeals further explained the theory of qualified immunity when it set forth that:

> Governmental officials performing discretionary
> functions are shielded from liability for money
> damages so long as their conduct does not violate
> clearly established statutory or constitutional rights of
> which a reasonable person would have known.
> Moreover, there are two levels at which the immunity
> shield operates. First, the particular right must be
> clearly established in the law. Second, the manner in
> which this right applies to the actions of the official
> must also be apparent. Officials are not liable for bad
> guesses in gray areas; they are liable for transgressing
> bright lines.

<u>Maciariello</u>, 973 F. 2d 295, 298 (4th Cir. 1992) (Citations omitted).

For a plaintiff to recover, he must show the defendants (i) violated a particular right clearly

established in law, and (ii) the application of that right to the actions of the official must be apparent.

The plaintiff in this case has not done so.

Plaintiff alleged a constitutional violation that he was exposed to mace when defendants

maced an inmate in a neighboring cell and that there was deliberate medical indifference by the

medical staff.

Eighth Amendment protects inmates from inhumane treatment and inhumane conditions

while in prison. A claim for cruel and unusual punishment requires the inmate to first demonstrate

that he has suffered serious or significant physical or mental injury as a result of the challenged

condition. In addition, prison officials cannot be held liable under the Eighth Amendment unless they

knew of and disregarded an excessive risk to inmate health or safety. <u>Farmer v. Brennan</u>, 511 U.S.

825, 834 (1994). Further, the plaintiff must produce evidence of serious or significant physical or

emotional injury resulting from challenged conditions to withstand summary judgment on prison conditions claim.  Id. at 1380-1381. The undersigned concludes plaintiff has failed to produce any evidence of serious or significant physical or emotional injury resulting from his allegations. Defendants submitted the affidavits of several officers who state that an extraction team was used to retrieve a metal weapon from inmate Johnny Calloway on September 13, 2006, and administered Top Kop Mk-IX due to inmate's noncompliance with directive. The affidavits submitted by Lieutenant Byrd and Officer Outlaw attest that immediately after inmate Calloway was extracted from his cell, a team of officers, not wearing masks, entered Calloway's cell to decontaminate it and used fans to aide in the decontaminating. Both attest that they do not believe mace entered plaintiff's cell, "as there are only approximately 3 centimeters between the door to this cell and the floor, fans were used immediately after the extraction in order to clear the air, and the back door to the wing was open for fresh air." Further, Lieutenant Byrd, Officer Outlaw, and Sergeant Waters all attest that plaintiff never made any complaints to them that his eyes, nose or skin was burning as a result of the mace used in another cell.

As to plaintiff's allegations of medical indifference, these claims should be dismissed. The undersigned finds that the plaintiff fails to show that defendants were deliberately indifferent to his medical needs.  In the case of  Estelle v. Gamble, 429 U.S. 97 (1976), the Supreme Court reviewed the Eighth Amendment prohibition of punishments which "involve the unnecessary and wanton infliction of pain," Id., quoting Gregg v. Georgia, 428 U.S. 153, 169-73 (1976).  The court stated:

> An inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met. . . .  We therefore conclude that deliberate indifference to serious medical needs of a prisoner constitutes the "unnecessary and wanton infliction of pain," Gregg v. Georgia, supra, at 173, (joint opinion), proscribed

> by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983.

Estelle, 429 U.S. at 103-105. (Footnotes omitted)

Despite finding that "deliberate indifference to serious medical needs" was unconstitutional, the court was careful to note, however, that "an inadvertent failure to provide adequate medical care" does not meet the standard necessary to allege an Eighth Amendment violation:

> . . . a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

Estelle, 429 U.S. at 107.

The Court of Appeals for the Fourth Circuit has also considered this issue in the case of Miltier v. Beorn, 896 F.2d 848 (4th Cir. 1990). In that case, the court noted that treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness (citation omitted), . . . nevertheless, mere negligence or malpractice does not violate the Eighth Amendment." Id. at 851. Unless medical needs were serious or life threatening, and the defendant was deliberately and intentionally indifferent to those needs of which he was aware at the time, the plaintiff may not prevail. Estelle, supra; Farmer v. Brennan, 511 U.S. 825 (1994); Sosebee v. Murphy, 797 F.2d 179 (4th Cir. 1986).

11

The plaintiff has failed to show that he was denied medical treatment. Defendants also submitted the affidavit of Nurse Kay Neal who attests that she is a nurse at Perry Correctional Institution and that contrary to plaintiff's allegations, he did not request any medical treatment related to his alleged exposure to mace used in Johnny Calloway's cell on September 13, 2006, or in the following days. Plaintiff's medical records were also submitted which did not reveal any treatment for this alleged incident. Even if plaintiff's allegations are true that he was denied medical treatment for burning nose, eyes, and skin, plaintiff has not put forth any allegation or evidence that he received anything other that <u>de minimis</u> injury.

Accordingly, the undersigned recommends that summary judgment for the defendants be granted on the claims of conditions of confinement resulting in cruel and unusual punishment and deliberate medical indifference.

Based on the above, the undersigned cannot conclude that the defendants in this case "transgressed bright lines . . . officials are not liable for bad guesses in gray areas." <u>Maciariello</u>, <u>supra</u>.  Therefore, the undersigned recommends that the motion for summary judgment filed by the defendants be granted on the basis of qualified immunity.

## E.  GRIEVANCE PROCEDURE

Plaintiff has made allegations regarding the grievance procedure at Perry Correctional Institution. Plaintiff alleges that his grievances were not handled properly in that his grievance on this alleged incident was thrown away. Defendants submitted affidavits attesting that plaintiff never filed a grievance relating to the September 13, 2006, use of force.

In any event, it is recommended that these allegations be dismissed as there is no

12

constitutional right to participate in grievance proceedings. <u>Adams v. Rice</u>, 40 F.3d 72, 75 (4th Cir. 1994).

## F.  PENDENT JURISDICTION

Assuming plaintiff's § 1983 claim is dismissed by this Court, it is recommended that plaintiff's state law claims be dismissed as well for want of jurisdiction. Specifically, this Court can decline to continue the action as to the pendent claims if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c).

## III. CONCLUSION

The plaintiff has failed to prosecute his action by not responding to the motion for summary judgment filed by the defendants and has failed to comply with an order of the court under Rule 41(b) of the Federal Rules of Civil Procedure.  Further, plaintiff has failed to show that defendants violated any of his constitutional or statutory rights under 42 U.S.C. § 1983.  It is therefore,

**RECOMMENDED** that this complaint be dismissed pursuant to Fed. R. Civ. 41(b) as set forth above. In the alternative, it is recommended that defendants' motion for summary judgment (document #22) be  **GRANTED IN  ENTIRETY** and that this matter be **DISMISSED** for the reasons set forth above.

Respectfully submitted,


s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

April 20, 2007
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**